FILED09 JUN '20 17:39USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:20-CR-00178-MC |
| v. | INDICTMENT |
| ERIK J. HASS, | 18 U.S.C. § 1341 |
| | 18 U.S.C. § 1343 |
| Defendant. | 18 U.S.C. § 1957 |
| | Forfeiture Allegation |

**THE GRAND JURY CHARGES:**

1. Beginning in or about January 2013 and continuing through in or about December 2018, in the District of Oregon, Defendant **ERIK J. HASS** did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions of material facts.

*Scheme to Defraud*

2. Defendant **ERIK J. HASS** founded Simply Gains, Inc. in January 2013. At all times relevant to this indictment, Defendant owned and operated Simply Gains.

3. Defendant solicited members of his church, coworkers, and others to invest in Simply Gains via self-directed IRAs, Roth IRAs, and cash accounts. In exchange, Defendant gave investors unsecured promissory notes naming the investor as the lender and Simply Gains

as the borrower. Defendant then used the funds to invest in the foreign exchange market, also known as "forex."

4. It was part of the scheme that Defendant claimed he created Simply Gains as a vehicle to support Christian missionaries and organizations, while at the same time offering significant investment returns to the investor. Defendant claimed that Simply Gains partnered with "like-minded clients focused on God's Kingdom" and served those clients "with monthly interest rate gain around 1.5-2% compounding to approximately 25%-30% per year growth."

5. It was part of the scheme that Defendant claimed to have a proven investment strategy that had obtained consistent, positive returns at or above 2% per month. In fact, Defendant had only invested nominal personal funds in forex for two years before soliciting investors, and his personal investments realized both positive and negative returns.

6. It was part of the scheme that Defendant stated that he would only profit from the clients' investments if the monthly returns were higher than 2%. Yet, from the start of the company, Defendant began taking a salary, drawn from the investors' funds, without the investors' knowledge and used the victims' investments to pay for his personal expenses.

7. It was part of the scheme that Defendant claimed to have a "stop-loss mechanism" in place to ensure that the risk to the investment accounts did not exceed specified percentages. Defendant failed to place these stop-loss mechanisms, resulting in highly precarious investment situations.

8. Based on Defendant's representations about the proven track record of investment success, the safety of the investment, given the stop-loss mechanisms, and the rates of return, individuals invested their money with Defendant.

9.   The relationship between Defendant and his investors was such that Defendant purportedly acted for the benefit of his investors thereby inducing his investors to relax their ordinary care and vigilance.

10.   As part of the scheme to defraud, Defendant sent investors via email monthly statements that contained the monthly interest gained on the accounts and the investor's account balance. Defendant also emailed IRS 1099-INT forms to investors, indicating the taxable income gained from the accounts. These statements and tax forms were false in that they did not accurately reflect the current state of the victims' investments.

11.   Defendant induced investors to invest in Simply Gains, to retain their investments, and to forbear withdrawing some or all of their investments through the monthly statements showing constant and consistent increases in the investors' account balances.

12.   Defendant continued to solicit investors in Simply Gains although he knew that Simply Gains was insolvent and failed to disclose to investors the true financial status of the company and its forex investments.

13.   It was part of the scheme that Defendant would collect the promissory note and other account documents for new investors and mail those documents to a self-directed IRA company in California.

14.   Defendant failed to implement stop-loss measures in his forex trades and over-leveraged his trading positions, which lead to significant losses between 2013 and 2018. In January 2018, one of Defendant's primary forex accounts was closed out after the account realized an $800,000 loss.

15.   It was part of the scheme that Defendant continued to accept investments well into 2018, after Defendant's forex accounts imploded, knowing that he could not honor the

**Indictment**                                                                                                          **Page 3**

investments. Instead, these new investments were used as Ponzi payments to older investors who had requested withdrawals from their investment accounts.

16. In total, at least 20 investors lost more than $1,000,000 by investing with Defendant.

## COUNTS 1-5
## (Wire Fraud)
## (18 U.S.C. § 1343)

17. Paragraphs 1 through 16 are incorporated herein.

18. On or about the dates set forth below in each Count, in the District of Oregon, Defendant **ERIK J. HASS**, having devised and intending to devise the material scheme to defraud described herein, and for the purpose of executing or attempting to execute the above-described material scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions of material facts, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce certain sounds, signals, and writings, either sent from or received within the District of Oregon, to wit:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | March 27, 2018 | Interstate wire transfer totaling $5,500 from a financial account of Adult Victim 1 to defendant's bank account in Oregon. |
| 2 | April 26, 2018 | Interstate wire transfer totaling $5,500 from a financial account of Adult Victim 2 to defendant's bank account in Oregon. |
| 3 | April 27, 2018 | Interstate wire transfer totaling $50,000 from a financial account of Adult Victim 3 to defendant's bank account in Oregon. |
| 4 | July 22, 2018 | An email from Defendant to Adult Victim 4 regarding the status of his investment. |
| 5 | January 30, 2016 | An email from Defendant to Adult Victim 4 including a Form 1099-INT for his investments. |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 6-7
## (Mail Fraud)
## (18 U.S.C. § 1341)

19. Paragraphs 1 through 16 are incorporated herein.

20. On or about the dates set forth below in each Count, in the District of Oregon, Defendant **ERIK J. HASS**, having devised and intending to devise the material scheme to defraud described herein, and for the purpose of executing or attempting to execute the above-described scheme and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly caused the following items to be sent and delivered by private or commercial interstate carrier:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| 6 | December 2, 2016 | Cashier's Check from Adult Victim 5 for $60,000 for an investment in Simply Gains, mailed to Defendant in Oregon. |
| 7 | April 23, 2018 | Promissory note and account documents for a new investor, Adult Victim 3, mailed by Defendant to a self-directed IRA company in California. |

All in violation of Title 18, United States Code, Section 1341.

## COUNT 8
## (Money Laundering)
## (18 U.S.C. § 1957)

21. Paragraphs 1 through 16 are incorporated herein.

22. On or about April 27, 2018, in the District of Oregon and elsewhere, Defendant **ERIK J. HASS** knowingly engaged in and attempted to engage in a monetary transaction, by, through, and to a financial institution, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000, to wit: a $50,000 check issued to repay an

investor, such property having been derived from a specified unlawful activity, that is, mail and wire fraud,

In violation of Title 18, United States Code, Section 1957.

### **FORFEITURE ALLEGATION**

23.   Upon conviction of the offenses alleged in Counts 1 through 8 this Indictment, Defendant **ERIK J. HASS** shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said violation.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

///

///

///

///

///

///

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

Dated: June 9, 2020

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney


GAVIN W. BRUCE, OSB# 113384
Assistant United States Attorney